## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

STEPHEN UPTON,

                Plaintiff,

v.                                     CIVIL ACTION NO. 3:19-cv-00831

WALMART, INC.,

                Defendant.

### MEMORANDUM OPINION AND ORDER

Presently pending before the Court are Defendant Walmart, Inc.'s Objections to the Proposed Findings and Recommendation ("PF&R") issued by Magistrate Judge Cheryl A. Eifert on June 2, 2020. *Objections*, ECF No. 33; *PF&R*, ECF No. 30. The issues have adequately presented to the Court in Defendant's Objections and they are ripe for resolution. For the reasons set forth below, the Court **DENIES** Defendant's Objections and **ADOPTS AND INCORPORATES HEREIN** the PF&R. The Court accordingly **GRANTS** Plaintiff Stephen Upton's Motion to Remand, *Mot. to Remand*, ECF No. 4, and **REMANDS** this action to the Circuit Court of Putnam County, West Virginia. Finally, the Court **DENIES AS MOOT** Plaintiff's remaining motions. *Mots. to Compel, to Amend, & for Sanctions*, ECF No. 14.

### I. BACKGROUND

This case arises out of Plaintiff's purchase of a $1,000 gift card from Defendant in order to buy items on Walmart.com. *Compl.*, ECF No. 1-1, at ¶ 1–2. Plaintiff made a purchase using the card on October 5, 2018, and elected to save the remaining balance of $878.94 on his Walmart.com account. *Id.* at ¶¶ 4, 10. When he attempted to pay with the card at a physical

Walmart location on December 6, 2018, however, he was informed that the entire card balance had been used. *Id.* at 5–6. Plaintiff discovered that a third party had accessed his online account and spent the balance at a Walmart location in Kennewick, Washington. *Id.* at ¶ 10. Plaintiff alleges that Defendant agreed to reimburse him for the full amount of his loss, but that it has failed to do so. *Id.* at ¶ 11.

On September 23, 2019, Plaintiff initiated this action in the Circuit Court of Putnam County, West Virginia. *Id.* at 6. Proceeding *pro se*, Plaintiff alleged that Defendant was liable for negligence, negligence per se (for violating the Federal Trade Commission Act), breach of confidence, and violations of the West Virginia Consumer Credit and Protection Act. *Id.* at ¶¶ 12–50. In his prayer for relief, Plaintiff requested compensatory, consequential, statutory, and punitive damages, along with restitution, disgorgement, reasonable fees and expenses, and pre- and post-judgment interest. *Compl.*, at 13. Invoking this Court's diversity of citizenship jurisdiction, Defendant filed a Notice of Removal on November 22, 2019. *Notice of Removal*, ECF No. 1. By Standing Order, this action was referred to Magistrate Judge Eifert for her preliminary findings of fact and recommendation for disposition. *Standing Order*, ECF No. 2.

On November 25, 2019, Plaintiff filed the instant Motion to Remand this action back to the Circuit Court of Putnam County and argued that his suit to recover $878.94—plus the other damage awards and costs sought in his Complaint—did not meet the $75,000 amount-in-controversy requirement established by 28 U.S.C. § 1332(a). *Mot. to Remand*, at 1. Defendant opposed the Motion, and pointed to a settlement demand submitted by Plaintiff in excess of $75,000 for support. *Mem. in Opp'n*, ECF No. 6. Magistrate Judge Eifert allowed for limited discovery into the narrow jurisdictional issue presented by Plaintiff's Motion to Remand, which the parties completed over the course of the next month. *Order*, ECF No. 12. On February 5,

2020, Plaintiff filed a "Motion to Amend Complaint, Motion to Compel Discovery, and Motion for Sanctions." He sought to add an abuse of process claim to his Complaint, alleging that a nearly four-hour deposition conducted by Defendant's counsel "was conducted with malice and excessive bad faith for purposes of harassment." *Mots. to Compel, to Amend, & for Sanctions*, at 1–2. He also claimed that Defendant had "acted in bad faith" in responding to his discovery requests, and sought sanctions for that conduct and the questions asked of him at his deposition. *Id.* at 2.

Magistrate Judge Eifert issued her PF&R addressing the pending motions on June 2, 2020. She concluded that remand was appropriate, and that Plaintiff's remaining motions should be denied as moot. *PF&R*, at 12–13. Defendant timely filed Objections to the PF&R, arguing that Magistrate Judge Eifert erred in granting Plaintiff's Motion to Remand and in failing to address his remaining motions on the merits. *Objections*, at 1. Before turning to the substance of these arguments, the Court will briefly discuss the legal framework that governs its approach to this case.

## II. STANDARD OF REVIEW

Under the Federal Magistrates Act of 1968, district courts are responsible for making "a *de novo* determination upon the record . . . of any portion of [a] magistrate judge's disposition to which specific written objection has been made." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1)(C). The natural inverse of this requirement is that courts need not review those portions of a magistrate judge's findings to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). Nor are courts tasked with conducting *de novo* review of "general and conclusory objections" that fail to direct a judge to specific errors in a magistrate judge's findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982); *see also United*

*States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."). The same is true of objections that only reiterate earlier factual or legal assertions. *Reynolds v. Saad*, No. 1:17-124, 2018 WL 3374155, at *3 (N.D.W. Va. July 11, 2018), *aff'd* 738 F. App'x 216 (4th Cir. 2018). All this aside, however, courts maintain the wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1)(C). With these standards in mind, the Court considers Defendant's Objections.

### III. DISCUSSION

Defendant raises what are essentially two distinct objections: first, that Magistrate Judge Eifert erred in concluding that it had failed to show by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, and second, that she erred in failing to address Plaintiff's remaining motions on the merits. As discussed below, both objections are unfounded.

#### A. Motion to Remand

Defendant bases its first objection on five grounds, which the Court will consider in turn.

##### 1. *Scaralto v. Ferrell*

First, Defendant argues that "Judge Joseph R. Goodwin was adamant in *Scaralto v. Ferrell*, that in diversity cases, 'the amount in controversy is what the *plaintiff* claims to be entitled to or demands.'"[1] *Objections*, at 2 (citing *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 967–68 (S.D.W. Va. 2011)). Fair enough. Both the Court and Magistrate Judge Eifert recognize that *Scaralto* stands for the proposition that "a demand in excess of the jurisdictional minimum should be treated as the

---

[1] It is worth noting that this is the same argument Defendant raised in front of Magistrate Judge Eifert. *See PF&R*, at 3. As a general matter, mere "reiterations . . . place the Court under no obligation to conduct a *de novo* review" of a PF&R. *Reynolds*, 2018 WL 3374155, at *3. Nevertheless, the Court will consider Defendant's argument.

amount in controversy, unless the plaintiff shows that to a legal certainty he cannot recover over $75,000." *Scaralto*, 826 F. Supp. 2d at 968–69. As an initial matter, the Court will note the obvious: "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (internal citation and quotation marks omitted). The Court is thus under no obligation to adopt the reasoning of *Scaralto* here, whether in full or in part.

Yet even treating *Scaralto* as the persuasive authority it is, the Court finds obvious differences between the facts confronting Judge Goodwin and the facts in the case at bar. First—and perhaps most importantly—Plaintiff is proceeding *pro se* in this action and does not have the benefit of counsel to weigh the procedural costs and benefits of demanding a settlement in excess of $75,000. Moreover, *Scaralto* involved a serious motor vehicle accident in which the plaintiff alleged he "was severely injured in and about his neck, shoulder, and arms" and had "incurred medical expenses and will incur additional medical expenses in the future." *Scaralto*, 826 F. Supp. 2d at 961. This case, in contrast, involves an injury less serious by several orders of magnitude: an unrefunded gift card in the amount of $878.94.

In considering whether a defendant has met its burden of demonstrating that the jurisdictional minimum is present, a court "is not required to leave its common sense behind." *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D.W. Va. 1994). The Court is loath to do so here, inasmuch as "[a] single, simple principle provides the foundation for jurisdictional inquiries:" namely, that "[f]ederal courts are courts of limited jurisdiction." *Bennett v. Keystone Cremation Alliance, LLC*, No. 2:18-cv-01280, 2018 WL 4956125, at *1 (S.D.W. Va. Oct. 11, 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (internal

quotation marks omitted). It is for this reason that "[r]emoval statutes must be construed strictly against removal." *Baisden v. Bayer Corp.*, 275 F. Supp. 2d 759, 761 (S.D.W. Va. 2003). In cases like this, where the amount in controversy is not apparent on the face of the Complaint and the plaintiff himself has already disavowed his own settlement demand, common sense governs. *Cf. Davis v. Collecto, Inc.*, No. 3:20-0215, 2020 WL 2099563, at *2 (S.D.W. Va. May 1, 2020) (remanding case where defendant sought to collect a $360.40 debt and had "produced no evidence or argument tending to demonstrate that the actual, statutory, general, or punitive damages that Plaintiffs have demanded would likely exceed $75,000"). And that common sense counsels in favor of remand here, where the *only* evidence Defendant can point to in an effort to meet its burden is Plaintiff's since-disavowed settlement demand.

### 2.   Disavowal of Settlement Demand

Second, Defendant argues that "Plaintiff's post-removal attempt to tarnish the validity of his pre-removal settlement demand is of no effect because the amount in controversy is determined at the time of removal." *Objections*, at 4. This much is true, at least as a statement of law. A defendant seeking to remove an action from state court "must supply evidence" that the amount in controversy exceeds $75,000, and "the court bases its decision to remove on the record that exists at the time the petition for removal was filed." *Scaralto*, 826 F. Supp. 2d at 963. But this limitation does not alter the fundamental calculus governing this inquiry—specifically, that "if the court thinks . . . a *reasonable* plaintiff would claim more than $75,000, then the defendant has met its burden of proof." *Id.* at 968 (emphasis added). Obviously enough, a reasonable plaintiff seeking to recover what is effectively an $878.94 loss from a stolen gift card would not value his claim at more than $75,000. As Magistrate Judge Eifert pointed out at length in her PF&R, the amount of Plaintiff's non-punitive damages do not come close to meeting the jurisdictional minimum

required for removal. *PF&R*, at 10–12. And even assuming punitive damages were awarded, such damages "should bear a reasonable relationship to the harm that was likely to occur and the harm that actually occurred." *Med-Surg Group, Inc. v. Aetna Health Mgmt., Inc.*, 832 F. Supp. 2d 659, 661 (S.D.W. Va. 2011). In no world would a punitive damage award of over $70,000 bear a reasonable relationship to the loss alleged in this case, but it is exactly that sort of award that would be necessary to confer federal jurisdiction on this action. Simply put: relying on the record at the moment of removal is enough to conclude that remand is warranted.

### 3. Valuation of Claims

Defendant's third argument is that "Plaintiff's post-removal valuation of his claims—boldly asserted at a mere penny below the jurisdictional minimum—does not change the amount in controversy established by the pre-removal settlement demand." *Objections*, at 4. As an initial matter, the Court attaches no weight to the fact that Plaintiff's newly-asserted valuation of his claims is exactly $75,000. *See Reply*, ECF No. 7, at 2. Federal law is clear: "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). $75,000 does not exceed the jurisdictional minimum, and therefore does not confer jurisdiction upon this Court. In any event, the Court considers Plaintiff's post-removal valuation of his claims irrelevant. As has already been noted, a "court bases its decision to remove on the record that exists at the time the petition for removal was filed." *Scaralto*, 826 F. Supp. 2d at 963. The Court's analysis proceeds from that record, not Plaintiff's latest valuation of his claims. And what that record reveals is a *pro se* plaintiff submitting a settlement demand in excess of $75,000 to remedy an $878.94 loss, without the benefit of counsel to comment on the advisability of such a decision.

### 4.   Precedential Value

Fourth, Defendant contends that accepting Plaintiff's argument will permit plaintiffs to make settlement demands in excess of $75,000 and then obtain "remand to state court simply by claiming that [their] demand[s] [were] all fluff, no substance." *Objections*, at 5. Of course, accepting Plaintiff's argument permits no such thing. The Court's reasoning here is not that settlement demands are *never* sufficient to secure removal. Rather, its reasoning is that this Defendant has failed to demonstrate by a preponderance of the evidence that this *pro se* Plaintiff's claims are likely to exceed the jurisdictional minimum. If Defendant had succeeded in making that showing—perhaps on a different set of facts, or perhaps with evidence that combined damages would exceed $75,000—remand would be inappropriate. But the Court is tasked with carefully considering whether removal is proper and to "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). Resolving those doubts here leads to the inevitable conclusion that remand is necessary.

### 5.   Consideration of Other Factors

 Defendant's final argument with respect to Plaintiff's Motion to Remand once again relies on *Scaralto*, and specifically Judge Goodwin's conclusion that a court need not consider factors outside a settlement demand in determining whether removal is proper. *Objections*, at 5. Again, the Court notes that it is not bound by *Scaralto* or its reasoning. *Camreta*, 563 U.S. at 709 n.7. Moreover—and as the Court has already noted—this case simply does not involve the sort of injury that could conceivably support a damage award in excess of $75,000. A bright-line rule may make sense for many claims, but not where application of that rule requires a Court to suspend

every measure of common sense. It is for all these reasons that Defendant's first objection must be denied.

**B.  Motion to Amend, Motion to Compel, and Motion for Sanctions**

Having already concurred with Magistrate Judge Eifert's reasoning with respect to Plaintiff's Motion to Remand, the Court's discussion of Defendant's second objection is necessarily brief. Essentially, Defendant claims Magistrate Judge Eifert correctly denied Plaintiff's second set of motions but should have done so on the merits. *Objections*, at 6. Given that the Court lacks jurisdiction to entertain this matter, however, ruling on Plaintiff's motions in any substantive manner would be improper. The Court therefore denies Defendant's second and final objection.

**IV. CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Objections, ECF No. 33, and **ADOPTS AND INCORPORATES HEREIN** the PF&R, ECF No. 30. The Court accordingly **GRANTS** Plaintiff's Motion to Remand, ECF No. 4, and **REMANDS** this action to the Circuit Court of Putnam County, West Virginia. As a final matter, the Court **DENIES AS MOOT** Plaintiff's remaining motions, ECF No. 14, and **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to Magistrate Judge Eifert, counsel of record, and any unrepresented parties.

ENTER:        June 23, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE